# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAWANJOT SINGH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MINGA WOFFORD, et al.,<br><br>　　　　　Respondents. | No. 1:26-cv-00161 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION AS MOOT, DENYING RESPONDENTS' REQUEST FOR EXTENSION OF TIME, ORDERING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 2, 11, 14) |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 29, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted on Count Two, Petitioner's motion for preliminary injunction be denied as moot, Respondents' request for extension of time be denied, and Respondents be directed to immediately release Petitioner. (Doc. 14.) On February 8, 2026, Respondents filed objections to the findings and recommendations. (Doc. 15.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court

concludes the findings and recommendations are supported by the record and proper analysis.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on January 29, 2026 (Doc. 14) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** on Count Two.
3. Petitioner's motion for preliminary injunction (Doc. 2) is **DENIED** as moot.
4. Respondents' request for extension of time (Doc. 11) is **DENIED**.
5. Respondents are ordered to **IMMEDIATELY RELEASE** Petitioner on the conditions of his prior release from custody until DHS proves to a neutral adjudicator by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight or to effectuate a final and executable order of removal.
6. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner absent compliance with constitutional protections, which include at a minimum, predeprivation notice[1] of at least seven days before a predeprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that he is likely to flee or pose a danger to the community if not arrested.
7. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: __February 21, 2026__

UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, SHALL be provided within seven days of the arrest.